

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

**AUSTIN, TEXAS 78711**

October 10, 1968

*overruled by*
*M-1105*

Honorable Wilson E. Speir
Texas Department of Public Safety
5805 North Lamar Blvd.
Box 4087, North Austin Station
Austin, Texas

Opinion No. M-286

Re: Payment of court
costs by the Depart-
ment of Public Safety

Dear Colonel Speir:

You have requested an opinion concerning whether a bill received from the County Clerk of Val Verde County assessing $21.50 court costs against the State of Texas in Cause No. 2545, Georgia Miers Paul v. Texas Department of Public Safety, may be paid by the Department from its current appropriation.

Section 6 of Article VIII of the Constitution of Texas provides that no money shall be drawn from the treasury but in pursuance of specific appropriations made by law. Pickle v. Finley, 91 Tex. 484, 44 S.W. 480 (1898). In Attorney General Opinion V-554 (1948), the provisions of the General Appropriations Act of the 50th Legislature, Regular Session, were construed as they relate to the Department of Public Safety, and it was held that no item of appropriation for the Department of Public Safety could be expended for the payment of court costs. Since Item No. 55 of the Appropriation Act involved in Attorney General Opinion V-554 (1948) was for (among other purposes) the purpose of "other necessary departmental expenses", such phrase was not construed to include payment of court costs.

The current Appropriation Act (House Bill 5, Acts 60th Legislature, 1st Called Session, 1968) does not contain an item in the appropriation to the Department of Public Safety specifying court costs. Since the Legislature had made in the General Appropriation Act various specific appropriations for the payment of court costs (Attorney General's Office and Highway Department, among other departments of State government) as well as appropriations for operating expenses, it is our opinion that the proper

- 1395 -

construction of the current General Appropriation
Act would exclude the payment of court costs, as was
the result reached in Attorney General Opinion V-554
(1948) of the General Appropriation Act of the 50th
Legislature. It is settled law that when the Legis-
lature imposes an additional duty upon an officer and
fails to provide additional compensation therefor,
the officer must nevertheless perform such duty with-
out the further compensation. Binford v. Robinson,
112 Tex. 84, 244 S.W. 807 (1922). You are therefore
advised that the court costs referred to in your request
are not payable from the current appropriation to the
Department of Public Safety.

### S U M M A R Y

Court costs are not payable from the
current appropriation to the Department of
Public Safety.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Joseph H. Sharpley
Fielding Early
Ben Harrison
Steven Hollahan
A. J. CARUBBI, JR.
Executive Assistant